**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 15-02702 BKT**<br>**Chapter 13** |
| **TAMMY ESTRADA SIERRA**<br>            **Debtor** | |
| **TAMMY ESTRADA SIERRA**<br>                    **Plaintiff**<br>**vs.** | **Adversary No. 15-00167 BKT** |
| **SCOTIABANK OF PUERTO RICO;**<br>**AND/OR HOLDER OF THE**<br>**MORTGAGE NOTE; JOSÉ R. CARRIÓN**<br>**CHAPTER 13 TRUSTEE** | **FILED & ENTERED ON 06/17/2016** |
| **Defendant(s)** | |

## OPINION AND ORDER

Before this court is a *Motion to Dismiss for Lack of Standing* [Dkt. No. 22] filed by Defendant, Soctiabank of Puerto Rico ("Scotiabank"), along with Plaintiff's *Opposition to Defendant's Motion to Dismiss for Lack of Standing* [Dkt. No. 34] and *Reply to Debtor's Opposition to Dismissal of this Action* filed by Scotiabank. [Dkt. No. 48]. For the reasons set forth below, Scotiabank's *Motion to Dismiss for Lack of Standing* is DENIED.

**I.      Discussion**

The court denies the *Motion to Dismiss for Lack of Standing* and determines that the true issue present is whether Scotiabank has a valid mortgage lien on the Plaintiff's property. The

1

Plaintiff does have standing to bring an adversary proceeding under Fed. R. Bankr. P. 7001(2). Fed. R. Bankr. P. 7001(2) grants a debtor standing to commence an adversary proceeding when the validity, priority, or extent of a lien is to be determined. Fed. R. Bankr. P. 7001(2). The validity of Scotiabank's lien must be determined in order to adjudicate the Plaintiff's complaint. [Dkt. No.1].

Any discussion of 11 U.S.C. § 544 and a chapter 13 debtor's right, or lack of said right, to exercise the trustee's avoidance powers is misplaced, irrelevant, and not applicable. The pleadings were convoluted, misdirected, and a distraction from the real issue at hand. The court is not obligated to compensate for the shortcomings and failures of attorneys, however, in the interest of ensuring each party a fair trial this court has chosen to redirect both parties to the appropriate issue. Had the court taken the *Motion to Dismiss for Lack of Standing* [Dkt. No. 22], *Opposition to Defendant's Motion to Dismiss for Lack of Standing* [Dkt. No. 34], and *Reply to Debtor's Opposition to Dismissal of this Action* [Dkt. No. 48] at face value the outcome would have varied greatly.

## II. Conclusion

WHEREFORE, IT IS ORDERED that the *Motion to Dismiss for Lack of Standing* [Dkt. No. 22] filed by Scotiabank shall be, and it hereby is, DENIED. The Clerk shall schedule a status conference.

In San Juan, Puerto Rico this 17th day of June, 2016.

Brian K. Tester
U.S. Bankruptcy Judge

2